## IN RE: ESTATE OF WILLIAMS
### Case No. 88-2102 CP
Fifteenth Judicial Circuit, Palm Beach County
October 20, 1988

### APPEARANCES OF COUNSEL

**Steven D. Rubin,** for petitioner, Mary A. Williams.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER DETERMINING HOMESTEAD REAL ESTATE*

Mary A. Williams, surviving spouse of Clifford G. Williams, deceased, filed in this cause a petition to determine homestead which came before the court for hearing. Based upon the evidence submitted, the court finds:

1. Clifford G. Williams, decedent, was domiciled in Palm Beach

County, Florida at the time of his death and was survived by his widow, Mary A. Williams, with no lineal descendants.

2. At the time of his death he owned and occupied the real property in dispute as his residence.

3. Clifford G. Williams married Mary A. Williams on June 7, 1975 at Delray Beach, Florida. On May 14, 1981, in contemplation of a dissolution of their marriage, they entered into a property settlement agreement. Paragraph 8 of that agreement required Mary A. Williams to convey the real estate in controversy to Clifford G. Williams by special warranty deed.

The pertinent positions of the martial agreement are Paragraphs 8 and 11, which provide as follows:

"8. MARTIAL RESIDENCE: For, and in consideration of, the sum of $5,000.00 paid by the Husband to the Wife, and held in trust by the Wife's attorney, the Husband shall receive the marital residence of the parties located at 3725 Dolphin Drive, Delray Beach, Palm Beach County, Florida; the Wife shall, by Special Warranty Deed, convey said real property to the Husband.

11. EFFECT OF RECONCILIATION: The parties recognize the possibility of a reconciliation. It is their intent that a reconciliation, temporary or permanent, or a further separation after any reconciliation shall in no way abrogate or affect the provisions of this Agreement concerning the settlement and disposition of property rights between the parties in their respective realty and personalty as set forth in this Agreement."

5. The conveyance was accomplished on June 24, 1981 and the final judgment of dissolution of marriage was granted on August 5, 1981.

6. On the special warranty deed and below the signature block of Mary A. Williams and in the subsequent notarial paragraph one finds the following language:

" . . . personally appeared before me Mary A. Williams. . . who executed the foregoing deed and severally acknowledged that she executed the same for the purposes therein mentioned and the said Mary A. Williams, upon a separate and private examination, made separate and apart from her husband, then and there acknowledged before me that she executed the said deed for the purposes of conveying and relinquishing her dower and right of dower, homestead and separate estate in and to the land therein described. . . . Glennice Hegwood, Notary Public, State of Tennessee."

7. No evidence was submitted to the court concerning any disclosure to the other of his or her estate upon the execution of the property settlement agreement after the first marriage, nor does the special warranty deed have the signature of the disclaimant after the notarial paragraph disclaiming marital rights.

8. On December 4, 1981, the parties remarried in the State of Tennessee. Clifford G. Williams died intestate, without any lineal descendants, survived only by his widow, Mary A. Williams.

The question presented to the court is whether the property settlement agreement and special warranty deed executed pursuant to it constituted a valid waiver by Mary A. Williams of her right to the homestead property as surviving spouse, considering the subsequent remarriage to Clifford G. Williams.

The court is unable to locate any Florida case directly on point interpreting F.S. 732.702 in relation to the foregoing facts. As a "waiver" is the intentional relinquishment of a known right, it is indeed difficult to comprehend the waiver in pursuance of the original domestic litigation can be attributable to the subsequent remarriage between the parties. A New York Appellate Tribunal confronted with very similar circumstances ruled:

"It is unnecessary to examine the separation agreement any more minutely than we have; for, regardless of any other consideration, it, of course, was abrogated by the second marriage. The second marriage was a new deal. It obliterated the previous one. It, in effect, was a novation. Upon the celebration of the second marriage, the rights and duties of the parties in relation to each other became the same as if there had never been any precedent marriage." In re: Carroll's Will, 110 New York Supp.2d 844 (1952).

Based upon the foregoing, it is

ADJUDGED:

1. The following described property:

Lot 1, in Block 10, of DELRAY SHORES, according to the Plat thereof, as recorded in Plat Book 24, at Page 232 and 233, of the Public Records of Palm Beach County, Florida,

constituted the homestead of Clifford G. Williams, decedent, within the meaning of Section 4 of Article X of the Constitution of the State of Florida.

2. The title to the above described property descended to Mary A. Williams as surviving spouse.

37

3. The Property Settlement Agreement dated May 14, 1981 and the Warranty Deed executed June 24, 1981, did not constitute a waiver of Mary A. Williams' homestead right which she acquired by virtue of her second marriage to Clifford G. Williams, because the second marriage constituted a novation, rescission, abandonment or abrogation of the 1981 Property Settlement Agreement and Warranty Deed and no second waiver had been executed by Mary A. Williams in compliance with Florida Statute 737.702(2), 1987, with respect to the second marriage.

4. No innocent third party purchasers relying upon the public records where the deed in question was recorded are involved in this decision.

5. The personal representative is authorized and directed to surrender to Mary A. Williams all or any part of the forementioned property which may be in the possession or control of the personal representative and that the personal representative shall have no further responsibility with respect thereto.

ORDERED October 20, 1988 at West Palm Beach, Palm Beach County, Florida.